UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| POST OFFICE EMPLOYEES'<br>CREDIT UNION | CIVIL ACTION |
| VERSUS | NO: 10-982 |
| LAWYERS TITLE INSURANCE<br>CORPORATION, ET AL. | SECTION: "S" (1) |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiff, Post Office Employees' Credit Union (Doc. #9), is **GRANTED**, and the case is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[1]

**BACKGROUND**

Plaintiff filed this action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana against Lawyers Title Insurance Corporation ("Lawyers Title"), Midwest Loan Services, Inc. ("Midwest"), Alta Insurance Company ("Alta"), and Prestige Title, Inc. ("Prestige"), alleging various causes of action under Louisiana state law for the defendants' actions in connection with the closing of a refinance loan. Plaintiff alleges, among other things, that Prestige failed to

---

[1] Defendant, Lawyers Title Insurance Corporation, filed a Motion to Transfer Venue (Doc. #8), however, that motion is rendered moot by the court's decision on plaintiff's Motion to Remand.

properly handle the funds it placed in escrow. In its petition, plaintiff stated that the principal owner of Prestige, Stephen Colson ("Colson"), filed an individual petition for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Mississippi. Plaintiff also stated that the banks holding Prestige's escrow funds tendered those funds to Colson's bankruptcy estate to be distributed in accordance with the bankruptcy procedures.

Lawyers Title was served with process of this suit on February 24, 2010. Midwest and Alta were both served on March 1, 2010. Prestige has not been served. On March 24, 2010, Lawyers Title removed the entire action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1452, which permits the removal of claims or causes of action related to bankruptcy cases. Thereafter, Lawyers Title filed a motion to transfer venue to the United States District Court for the Southern District of Mississippi, so that this action could be referred to the United States Bankruptcy Court for the Southern District of Mississippi, and consolidated with Colson's bankruptcy proceeding. Plaintiff filed a motion to remand, arguing that this matter should be remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana due to defects in the removal procedure.[2]

---

[2] There is no binding precedent establishing whether a court should first consider a motion to remand or a motion to transfer venue in a case removed pursuant to 28 U.S.C. § 1452(a). Marshall v. Air Liquide - Big Three, Inc., 2007 WL 275898 (E.D. La. 1/24/2007) (citing Marquett Transp. Co. v. Trinity Marine Products, 2006 WL 2349461, at *2, n. 12 (E.D. La. 8/11/2006)). Because this case concerns the propriety of the removal procedure, the court finds that it is appropriate to consider the motion to remand first.

**ANALYSIS**

**1.      Legal Standard**

Plaintiff moved to remand to state court pursuant to 28 U.S.C. § 1447(c), which provides that "a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[;]" and that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Section 1447(c) is supplements § 1452 and may be invoked to remand a claim or cause of action removed under § 1452(a). See Coward v. AC and S, Inc., 91 Fed. Appx. 919, 923 (5th Cir. 2004) (citing Things Remembered, Inc. v. Petrarca, 116 S. Ct. 494 (1995)).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**2.      The Rule of Unanimity**

Pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending if such district court has jurisdiction of such claim or cause of action under" the Bankruptcy Code. The time for removal under § 1452(a) is governed by Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure which provides that when a civil action is initiated after the commencement of the bankruptcy case a notice of removal must be filed "within the shorter of (A) 30 days after the

receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons."

Lawyers Title timely filed its notice of removal. However, Lawyers Title did not state in its notice of removal that Midwest or Alta, the other defendants that were served at the time or removal, consented to removal. Further, neither Midwest nor Alta have filed a notice of consent to the removal. Plaintiff contends that the lack of consent from the other served defendant renders Lawyers Title's removal of the civil action procedurally defective. Lawyer's Title, on the other hand, contends that consent of the other served defendants is not required for removal under § 1452(a).

The United States Court of Appeals for the Fifth Circuit has not directly address whether the consent of all properly served defendants is required for removal under § 1452(a), as it is for removal under the general removal statute, 28 U.S.C. § 1446. However, in the United States District Court for the Eastern District of Louisiana, courts have found that the rule of unanimity applies to removal based on bankruptcy jurisdiction under § 1452(a). See Orion Refining Corp. v. Fluor Enter., Inc., 319 B.R. 480, 486-87 (E.D. La. 2004) (J. Vance) ("To remove the entire action . . . each party must seek or consent to the removal . . ."); Marshall v. Air Liquide - Big Three, Inc., 2007 WL 275898 (E.D. La. 1/24/07) (J. Africk) ("Here as in Orion, the removing party failed to obtain consent of the other defendants. Therefore, its 'notice of removal is procedurally defective, and . . . remand is warranted.'"); Whitney Nat'l Bank v. Bunch, 2001 WL 87443, at *2, n. 9 (E.D. La. 1/30/01) (J. Barbier) ("Although WNB did not raise the point, the Court also notes that the non-removing

4

defendants have not consented on the record to removal. 28 U.S.C. § 1446(b) requires that all defendants . . . join in the notice or removal . . . This rule also applies to 'related to' removals pursuant to 28 U.S.C. §1452."); Hills v. Hernandez, 1998 WL 241518, at * 2 (E.D. La. 5/12/98) (J. Clement) (remanding when all defendants did not join in notice of removal based on bankruptcy); CMH, Inc. v. Canal Place Mgmt., 1993 WL 70252, at * 2 (E.D. La. 3/10/93) (J. Sear) (same).

Requiring consent to removal from all defendants when one defendant seeks to remove the entire cause under § 1452(a) comports with the language of the statute. Section 1452(a) provides that "[a] party may remove *any claim or cause of action in a civil action* . . . to the district court for the district where such civil action is pending if such district court has jurisdiction of such claim or cause of action under" the Bankruptcy Code. 28 U.S.C. § 1452(a) (emphasis added). Section 1452(a) does not permit a party to remove the entire civil action. See id.; see also 1-3 COLLIER ON BANKRUPTCY P 3.07 (2010). As Judge Vance stated in Orion Refining Corp. v. Fluor Enter., Inc., 319 B.R. 480, 486-87 (E.D. La. 2004):

> . . . if a party removes a claim or cause of action to federal court under 28 U.S.C. § 1452, that party need not obtain the consent of the other defendants. If the other defendants do not seek removal, they remain in state court. To remove the entire action, there must be a jurisdictional basis in federal court as to each party, and each party must seek or consent to the removal of the claim.

Here, Lawyers Title removed the entire civil action without the consent of the other properly served defendants. Therefore, its notice or removal is procedurally defective, and remand is appropriate.

5

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiff, Post Office Employees' Credit Union (Doc. #9), is **GRANTED**, and the case is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this  16th  day of July, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**